**Cara Leslie ALEXANDER, et al., Plaintiffs,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**CIV. Nos. 96–2123(RCL), 97–1288(RCL).**

United States District Court, District of Columbia.

March 6, 2000.

Larry Klayman, Judicial Watch, Inc., Washington, DC, for Plaintiffs.

David W. Ogden, Acting Assistant Attorney General, Wilma A. Lewis, United States Attorney, Anne Weismann, James J. Gilligan, Elizabeth Shapiro, U.S. Department of Jus-

**48**

tice, Washington, DC, for Defendants EOP and FBI.

David E. Kendall, Marcie Ziegler, Williams & Connolly, Washington, DC, for Defendant Hillary Rodham Clinton.

David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P, Washington, DC, for Craig Livingstone.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on Plaintiffs' Motion to Compel Further Deposition of Craig Livingstone and for Other Such Relief the Court Deems Just and Proper and the Plaintiffs' Motion to Append Correspondence to Craig Livingstone's Opposition to Plaintiffs' Motion to Compel. Upon consideration of the submissions of the parties and the relevant law, the court will deny the plaintiffs' motions.

### I. Background

The underlying allegations in this case arise from what has become popularly known as "Filegate." Plaintiffs allege that their privacy interests were violated when the FBI improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations.

The current dispute revolves primarily around the deposition of D. Craig Livingstone. Plaintiffs deposed Livingstone for a full six hours of direct testimony on May 26, 1999. Then, on June 8, 1999, Livingstone again appeared to allow the defendants to cross-examine him. Livingstone also agreed to allow the plaintiffs to conduct re-direct examination, within the scope of the cross-examination, for the same period of time used by the defendants for cross-examination. Defendants cross-examined Livingstone for approximately 12 minutes. Plaintiffs were then given 12 minutes to complete their redirect. After the plaintiffs had questioned Livingstone for the full 12 minutes, Livingstone agreed to answer questions for another 12-minute period. Plaintiffs' counsel declined the offer, however, and adjourned the deposition to seek the court's guidance.

### II. Analysis

#### A. Plaintiffs' Motion to Compel Further Deposition

Plaintiffs argue that they were given insufficient time to properly conduct their redirect examination. They seek an order allowing them additional time to question Livingstone about contradictions in his testimony and to challenge several "foundational facts" relied on during the cross-examination. As the defendants correctly note, however, this court, in its Order of August 12, 1997, set a presumptive limit of six hours for each deposition, absent leave of court for good cause, or agreement of the parties. *Alexander v. FBI*, Civ. No. 96–2123, Order at 2 (August 12, 1997). Plaintiffs do not dispute that their original deposition of Livingstone consisted of a full six hours of testimony. Therefore, plaintiffs must demonstrate that good cause exists for this court to grant them leave to depose Craig Livingstone for an additional period of time.

Plaintiffs, however, fall to meet this burden. They assert that several of Livingstone's representations during cross-examination contradicted his earlier direct testimony. However, plaintiffs explicitly refuse to enumerate these contradictions because of what they claim to be "a need to not tip Mr. Livingstone off in [their] pleading." Plaintiffs' Motion to Compel Further Deposition of Craig Livingstone at 2.

Plaintiffs can not circumvent their obligation to show good cause by offering such a general, conclusory statement and expecting the court to accept it as true. If plaintiffs had in fact noted contradictions in Livingstone's testimony, they should have immediately began to inquire about them during the 24 minutes allowed for redirect. This is particularly true in light of the plaintiffs' concern about "tipping off" Livingstone, as immediate inquiry could have avoided giving Livingstone additional time to reexamine his testimony and search for any discrepancies. Despite this, however, at no point in the plaintiffs' 12 minutes of questioning did they inquire about any alleged contradiction. Furthermore, instead of taking the additional 12 minutes offered to begin asking about

these contradictions, plaintiffs walked out of the deposition. Plaintiffs' bare allegation of "contradictions," therefore, falls far short of establishing good cause.

Plaintiffs also assert that "a number on the questions asked on cross-examination by defendants' counsel will show that they are based upon several foundational facts that need to be probed and explored on redirect examination." *Id.* Plaintiffs, however, fail to enumerate any specific fact that needs such exploration. In their brief and reply, the plaintiffs list several questions asked by the defendants that they claim to "require foundational factual development on redirect examination." Plaintiffs' reply at 2. They do not explain, however, what foundational facts need to be developed, why such development is required, or why the development would require more than the 24 minutes they were allowed. Instead they simply theorize that "[p]roper redirect will require questioning that *necessarily* takes longer than the conclusory and leading cross-examination itself." *Id.* (emphasis added). Therefore, they conclude, their redirect examination will "obviously" take longer than 12 minutes. *Id.* at 4. As this court has already stated in a previous ruling in this case, the party hearing the burden must provide the court with factual support, not just theory, to satisfy that burden. *See Alexander v. FBI*, Civ. No. 96–2123, Memorandum and Order at 7 (D.D.C. Jan. 24, 2000). Plaintiffs clearly fail to do so in their written submissions to this court.

■ Furthermore, a review of the deposition transcript reveals that the plaintiffs' need to develop "foundational facts" is not self evident. Plaintiffs' redirect examination consisted primarily of questions outside the scope of the cross-examination. Plaintiffs consumed most of their initial 12 minutes of redirect asking Livingstone questions about whether and how he had reviewed his past deposition testimony and whether he had discussed the case with his family-topics that were not covered during cross-examination. None of the plaintiffs' questioning, therefore, indicates to this court any "foundational facts" that need to be probed. Furthermore, as noted earlier, plaintiffs declined the opportunity to question Livingstone for an additional 12 minutes. Rather than walking out of the deposition, plaintiffs could have used

this time to at least begin to establish the existence of foundational facts and their need for additional time to inquire about them. Plaintiffs, however, chose not to do so. Consequently, this court simply has no basis for finding good cause to compel further deposition testimony from Craig Livingstone. Plaintiffs received their full six hours of deposition testimony allowed by this court's August 12, 1997 Order, and they have failed to demonstrate their need for any additional time.

### B. *Motion to Append Correspondence to Livingstone's Opposition to Motion to Compel*

■ Plaintiffs also filed a Motion to Append Correspondence to Livingstone's Opposition to their Motion to Compel. In this motion, plaintiffs seek to attach copies of correspondence between counsel to Livingstone's Opposition to their Motion to Compel Further Deposition of Craig Livingstone, which was dealt with above. Plaintiffs claim that appending the correspondence at issue is necessary "[t]o promptly correct the resulting inaccuracies and prevent any prejudicial effect [the defendant's] allegations could have caused." Plaintiffs' Reply to Opposition of Craig Livingstone to Motion to Append Correspondence at 1. Livingstone correctly notes, however, that the plaintiffs are entitled to reply to his opposition, and that they may include in that reply any desired correspondence between counsel. The plaintiffs did, in fact, file a reply, which included, as an attachment, the correspondence at issue. Additionally, the plaintiffs specifically addressed in the substance of their reply what they alleged to be inaccuracies on the record. Because the court considered this reply in reaching its decision regarding the plaintiffs' motion for further deposition testimony, appending Livingstone's opposition is not necessary to correct the record or to aid the court in reaching its decision. Therefore, the court will deny the plaintiffs' motion to append the correspondence to Livingstone's Reply.

### III. *Conclusion*

For the reasons stated above, the court HEREBY ORDERS that:

50

1. Plaintiffs' Motion to Compel Further Deposition of Craig Livingstone is DENIED.

2. Plaintiffs' Motion to Append Correspondence to Craig Livingstone's Opposition to Plaintiff's Motion to Compel is DENIED.

SO ORDERED.